Julio N. Chardón, peticionario y apelado, *v.* Carlos Laffaye, demandado y apelante.

No. 5467.—*Sometido:* Diciembre 9, 1932. *Resuelto:* Junio 15, 1934.

*Diego O. Marrero,* abogado del apelante; *R. Castro Fernández,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Julio N. Chardón solicitó de la Corte de Distrito de San Juan que librase un auto de *injunction* contra Carlos Laffaye y que mientras fuera resuelto decretase un *injunction* preliminar. Las partes fueron oídas respecto a la solicitud del auto preliminar, presentaron sus pruebas y la corte lo concedió. Esa resolución fué confirmada por nosotros en apelación. *Chardón* v. *Laffaye*, 43 D.P.R. 650.

Para resolver el auto definitivo de *injunction* las partes sometieron a la corte de distrito las mismas alegaciones y pruebas que sirvieron para el auto preliminar. Por ellas decretó la corte el auto definitivo y el demandado interpuso esta apelación.

Los hechos de este caso constan en la opinión que fué escrita para la resolución de la primera apelación referida, por lo que nos limitaremos ahora a hacer un brevísimo resumen de lo substancial de ellos.

Demandante y demandado tuvieron un contrato de sociedad civil profesional y se comprometieron con el municipio de San Juan a cavar cuatro pozos profundos para aumentar el agua de su acueducto. Disuelta esa sociedad por mutuo acuerdo, el demandado Laffaye quizo utilizar para un trabajo suyo particular una bomba que la sociedad había comprado para los pozos del municipio y el demandante solicitó y obtuvo un auto de *injunction* prohibiéndole que usara esa bomba en su trabajo particular.

Los dos primeros motivos alegados para la presente apelación son, extractados, los siguientes: primero, por no haber considerado la corte inferior ni declarado con lugar las excepciones previas opuestas a la solicitud de *injunction;* segundo, por haber resuelto que el estado de la sociedad Chardón & Laffaye al ser iniciado el litigio era el de una comunidad de bienes y no el de sociedad en liquidación.

Las cuestiones que se suscitan en esos dos motivos fueron resueltas en contra del apelante en la opinión que escribimos

para decidir la apelación que interpuso contra la concesión del auto preliminar de *injunction* por lo que no tenemos que tomarlas en consideración ahora, toda vez que no fueron presentadas otras alegaciones, pruebas nuevas ni nos ha convencido en forma alguna de que es errónea su decisión. En *Rodgers* v. *Pitt, et al.*, 129 Fed. 932, se declaró que todas las cuestiones decididas en una moción para un *injunction* preliminar están abiertas para revisión en la audiencia final pero que la decisión anterior deberá respetarse a menos que aparezcan hechos adicionales que requieran su modificación o revocación o que aparezca claramente que se cometió algún error.

El tercer motivo se funda en que la corte inferior consideró y resolvió una situación creada al municipio de San Juan por la omisión de la bomba, cuando tal cuestión no fué puesta en controversia por las alegaciones.

En la solicitud de *injunction* se alegó que la sociedad compró la bomba en cuestión para instalarla en uno de los cuatro pozos profundos que cavaba para cumplimiento de un contrato con el municipio de San Juan para abastecer a la ciudad con un número convenido de galones de agua por minuto y que dicha bomba fué instalada en el pozo No. 3 y la cabeza de la misma en el pozo No. 2 de los cuatro mencionados.

Uno de los fundamentos que tuvo la corte inferior para la sentencia apelada fué que si se omitía una de las cuatro bombas la situación sería muy grave puesto que la sociedad estaba obligada por su contrato con el municipio, en cualquier tiempo que se presentase un ingeniero del Departamento del Interior o del municipio de San Juan a medir el agua, a demostrar que los pozos inyectan en la tubería del acueducto de San Juan 3,000,000 de galones por día, lo que a veces, pero no siempre, se consigue con tres bombas, pero que si no fuere posible con tres, es indispensable tener la cuarta bomba para echarla a andar tan pronto fuese necesario, bien porque las otras tres no sacasen el número de

galones contratados o bien porque una de las tres se dañase y que si en cualquier ocasión durante el término de prueba estipulado en el contrato dejasen de inyectar los 3,000,000 de galones consignados, el municipio de San Juan tendría derecho a negarse a aceptar los pozos.

La conclusión de la corte inferior que se impugna en el tercer motivo del recurso está relacionada con la alegación de la petición a que antes nos hemos referido referente al contrato de cavar cuatro pozos para el municipio con un número convenido de galones de agua y la instalación de la bomba en uno de los cuatro pozos, por lo que no existe el error alegado ya que si se omitía la bomba de uno de los cuatro pozos podía suceder que los tres restantes no suministrasen el número de galones convenido.

El cuarto motivo descansa en que la evidencia no es suficiente para dictar la sentencia que ha sido apelada.

Ya hemos dicho al principio que la evidencia que fué presentada para resolver si procedía o no el auto definitivo de *injunction* es la misma que sirvió para dictar el auto preliminar. Nosotros confirmamos anteriormente la concesión del auto preliminar; y si fué suficiente entonces la evidencia también lo es ahora para el auto definitivo. Además, si la bomba estaba o no en uno de los pozos de Hato Rey cuando el demandado trató de utilizarla en Bayamón es cuestión que no es de importancia porque el hecho fundamental en este caso es que iba a utilizarla para trabajo suyo particular cuando también es del demandante.

Tampoco existe el quinto y último motivo de error de ser la sentencia contraria a la ley.

Se tratan en él cuestiones que fueron alegadas como excepciones a la petición y que han sido resueltas por nosotros en el caso anterior entre las partes. El hecho de que el demandante fuera uno de los postores sin éxito en la subasta para el pozo de Bayamón no es motivo para que no obtuviese el *injunction* en este caso; tampoco el que dicho municipio pudiera sufrir perjuicios porque dicha bomba no

funcionara allí, pues podía ser substituída por otra; ni el que en la escritura de disolución se conviniera en que cualquier diferencia o desacuerdo o disparidad de criterio entre los liquidadores sería sometida a arbitraje, pues el tratar de usar uno de los liquidadores la bomba para su uso particular no es diferencia, desacuerdo o disparidad de criterio en la liquidación. En resumen, el apelante no tenía derecho a usar la bomba en su propio beneficio y trabajo particular con la oposición del otro copropietario.

*La sentencia apelada debe ser confirmada.*